CROSLEY RADIO CORPORATION v.
HIEB et al. (HIEB DISTRIBUT-
ING CO. et al., Intervenors).

No. 38.

District Court, S. D. Iowa, Central Division.

July 22, 1941.

Edward J. Kelly and Paul Neal, Jr., both of Des Moines, Iowa, for movants.

C. Glenn Garten and Richard F. Boyer, both of Des Moines, Iowa, for Crosley Radio Corporation.

DEWEY, District Judge.

Subsequent to the trial of the above action, motions were filed by the defendant Herbert Hieb and by Edward J. Kelly and Paul Neal, Jr., attorneys for the defendants and intervenors, asking that the plaintiff, Crosley Radio Corporation, be adjudged in contempt of court and for a fine and penalty sufficient at least to reimburse such defendant and attorneys for the expense in taking certain depositions at Cincinnati, Ohio.

The charge in the motion is that on the 20th day of November, 1940, the intervenors served on the Crosley Radio Corporation interrogatories to be answered by the Corporation under the provisions of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that the answers filed were materially false, untrue and evasive and that by reason of such false, untrue and evasive answers it was necessary for the defendants and intervenors in the above cause to take the depositions of certain officers of the Corporation at Cincinnati, Ohio, which would not have been necessary had the Corporation made true answers to said interrogatories.

At the hearing on these motions for an order for civil contempt the movants offered as a part of the files in the action the original interrogatories referred to in the motions, the answers filed thereto and volumes 1, 2, 3 and 4 of the depositions taken at Cincinnati. Also, the evidence of Paul Neal, Jr., one of the attorneys, as to the actual expenses necessitated in taking the depositions at Cincinnati, aggregating $700 for attorney fees and $512.59 as actual expenses.

The interrogatories were 51 in number and many of them were general and called for comprehensive answers.

At the request of the court counsel in written argument or statement point out the questions and answers complained of and it might be said for the plaintiff corporation that on account of the general nature of the charge in the motion it was difficult to know at the hearing what specific answers the movants were complaining of as being untrue and evasive.

■ To plaintiff's reply argument are attached certain affidavits tending to explain the answers, but such affidavits attached to an argument could hardly be considered as evidence in the case. Under the circumstances the court would probably have opened the case and permitted such affidavits on request, but they cannot be considered evidence until in some way introduced and made a part of the record.

However, it can be said in the light of these affidavits that the plaintiff does not in any way admit that any of the statements made were false, untrue or evasive.

■ The plaintiff corporation insists that a contempt proceeding is not available to the defendants and intervenors as the procedure is governed by the present Federal Rules of Civil Procedure which do not provide for a contempt for untrue answers made to interrogatories propounded under Rule 33, but I am satisfied the matter here for determination is governed by Section 385, 28 U.S.C.A. Judicial Code, § 268. This section, as far as applicable, is as follows:

"The said courts shall have power to impose and administer all necessary oaths, and to punish, by fine or imprisonment, at the discretion of the court, contempts of their authority. Such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of jus-

tice, * * * and the disobedience or resistance * * * by any party * * * or other person to any lawful writ, process, order, rule, decree, or command of the said courts."

This section is not superseded by the Rules of Civil Procedure and as Rule 33 is certainly a rule of this court, the authority to punish for contempt in the event of a disobedience or resistance to Rule 33 would appear to be without doubt.

The question here is not whether this court has the authority to punish for contempt but whether the situation presented by the record is such that such authority should be exercised.

■ That perjury and obstruction of justice may constitute such contempt has been held in several cases. In re Steiner, D.C., 195 F. 299, 302; O'Connell v. United States, 2 Cir., 40 F.2d 201. See 11 A.L.R. 342. It would appear that under this statute also the Supreme Court of the United States has recognized the propriety of imposing a fine where there is actual contempt to be paid as civil liability to the attorneys for the complaining party. Fox v. Capital Company, 299 U.S. 105 at page 109, 57 S. Ct. 57, at page 59, 81 L.Ed. 67. The court there said: "It [the court] lent a helping hand to a suppliant for aid."

Most of the cases bearing on this question have to do with perjury, but it would seem that even a lesser obstruction in the due process of the court would be sufficient. As held in the case of O'Connell v. United States, 2 Cir., 40 F.2d 201, the recalcitrancy of a grand jury witness, where obstructive and contemptuous of judicial authority, constitutes contempt.

■ I am therefore of the opinion that if the corporation willfully gave false answers to interrogatories, submitted under Rule 33 of the Federal Rules of Civil Procedure, or where the answers were made intending to mislead and deceive, or made recklessly resulting in a direct resistance of the effort on the part of the defendant and intervenors to secure full answers to their interrogatories, where if correctly and fully given the necessity and expense of taking depositions would not have been required, then the corporation should bear the expense necessitated by such willful action on its part.

■ Even if the answers were false it could hardly be called perjury, as perjury is the willful giving of false testimony un-

der oath, and the answers here were not required to be under oath.

Before the court could hold that the corporation was guilty of contempt as charged, the evidence would have to be clear, satisfactory and convincing. 17 C.J. S., Contempt, § 84, p. 113. It would have to be convincing that the answers amounted to perjury, or, at least, showed that condition of recalcitrancy in failing to fully answer the interrogatories that would amount to an obstruction of justice and show a contempt of judicial authority.

I have gone into each of these answers with a great deal of care and investigation and I am forced to the conclusion that the movants have failed to make a showing that would warrant the court declaring the corporation to be in contempt. It must be recalled that the questions in the depositions did not specifically call the attention of the witness to statements made by the answers of the corporation to the interrogatories with an opportunity given to the witness for explanation. So it is difficult to say that the statements of the witness on answering the interrogatories to the effect that certain records were destroyed by fire and flood or were in the hands of the attorneys for the plaintiff at Des Moines were not true or believed to be true by the witness at the time the answer was given.

So as to the charge that because the corporation said that Mr. J. J. Hope, Jr., was the person who could answer questions for the corporation, a statement later by that witness that he did not have personal acquaintance with the records of the company would not show perjury or false swearing, as he himself explains that information of that kind would have to be obtained from parties in charge of the different departments of the corporation.

I therefore find that the movants have failed to establish their charge that the answers given to the interrogatories were intentionally falsely made and convincingly show an intention to obstruct judicial authority or to be contemptuous thereof. The clerk will therefore enter the following order:

Motions by Herbert Hieb and Edward J. Kelly and Paul Neal, Jr., for an order holding the plaintiff corporation to be in contempt of court, having come on for hearing in open court at Des Moines, Iowa, and being argued and submitted, and the court, being advised,

Finds that said motions should be and the same are hereby overruled and said Herbert Hieb and Edward J. Kelly and Paul Neal, Jr., except.