### In re Gale F. WEEKS.

### No. 77–1461.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1977.

Decided Jan. 18, 1978.

---

John I. Purtle, Little Rock, Ark., for appellant.

Before VAN OOSTERHOUT, Senior Judge, and LAY and STEPHENSON, Circuit Judges.

LAY, Circuit Judge.

Gale Weeks, former Chief of Police of Little Rock, Arkansas, appeals from a conviction of criminal contempt resulting from an incident in the trial of a related case also on appeal—*Simpson v. Weeks,* No. 77–1331, 570 F.2d 240. We vacate the conviction and remand for further proceedings.

■ In the course of the discovery process for the trial involved in No. 77–1331 the federal district court had issued an order directing Weeks and his subordinates not to interfere with any of the witnesses.[1] During a recess on the last day of the trial, Weeks, one of the defendants in the civil rights case being tried, observed a police officer speaking with plaintiff W. E. Simpson's attorney. Weeks allegedly grabbed the officer's arm and commanded him not to speak to Simpson's attorney until the officer had consulted the city attorney. The city attorney was standing by and gave his approval for the witness to talk to plaintiff's counsel. When the trial reconvened Simpson's attorney notified the trial court of the incident. The trial judge immediately held a summary contempt hearing and took the case under advisement. However, after the trial the judge announced that he would instead treat the contempt as criminal in nature[2] and vacated the earlier proceedings. The court then allowed only *a few minutes* recess for Weeks to prepare his defense. Since the city attorney was to be a witness to the incident, Weeks was forced to utilize the services of an assistant city attorney who, according to Weeks' attorney's statement at oral argument, had never tried a criminal case. A hearing was held; three months later the court rendered its opinion finding Weeks guilty of criminal contempt and levying a fine of $250.00.

■ On appeal Weeks contends, inter alia, that the acts charged do not constitute criminal contempt, that he was denied due

---

1. The order was issued during the discovery process and does not appear in the record on appeal. This is an added reason for not reviewing the conviction on the merits. In order to sustain a conviction for criminal contempt the order must be specific and the contemnor must be aware of the order and be guilty of wilfully violating its specific terms. Arguments made to this court indicate that there may be some question as to the order's scope and duration.

2. Where the object of the contempt charge is to punish rather than coerce the proper charge is criminal rather than civil contempt. *See Shillitani v. United States,* 384 U.S. 364, 369–70, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).

process, and that he received inadequate notice of the charges.[3]

The court based the contempt conviction upon 18 U.S.C. § 401(1) which reads:

A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice . . . .

Rule 42 of the Federal Rules of Criminal Procedure sets out the procedure governing a criminal contempt charge:

(a) *Summary Disposition.* A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

(b) *Disposition upon Notice and Hearing.* A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act

of Congress so provides. He is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment.

The above procedure describes the only basis upon which a criminal contempt charge can be prosecuted. *See Harris v. United States,* 382 U.S. 162, 167, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965).

Rule 42(a) is designed for only "exceptional cases" relating to "acts threatening the judge or disrupting a hearing or obstructing court proceedings." *Id.* at 164, 86 S.Ct. at 354. *See also United States v. Alter,* 482 F.2d 1016, 1021 (9th Cir. 1973). The facts alleged fall outside Rule 42(a); the trial judge did not certify that he saw or heard the allegedly contemptuous conduct.

Rule 42(b) in contrast to Rule 42(a) requires that the proceeding be prosecuted "on notice." The rule is explicit and requires that the defendant must be given "a reasonable time to prepare his defense." *United States v. Hawkins,* 501 F.2d 1029, 1031 (9th Cir.), *cert. denied,* 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974). *See also United States v. Alter, supra* at 1023; *In re Grand Jury,* 524 F.2d 209, 218–19 (10th Cir. 1975), *cert. dismissed sub nom. Vigil v. United States,* 425 U.S. 927, 96 S.Ct. 1526, 48 L.Ed.2d 170 (1976); *In re Sadin,* 509 F.2d 1252, 1255 (2d Cir. 1975); 3 C. Wright, Federal Practice and Procedure: Criminal § 710, at 173 (1969).[4]

---

3. Weeks also contends that he was entitled to a jury trial and that the trial judge should have recused himself from the hearing. A jury trial is not necessary for a contempt of court when the penalty imposed does not exceed six months or a longer penalty has not been authorized by statute. *Taylor v. Hayes,* 418 U.S. 488, 495, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974); *Codispoti v. Pennsylvania,* 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974). Furthermore, since the charges do not involve "an insulting attack upon the integrity of the judge carrying such potential for bias as to require disqualification," the trial judge was not re-

quired to recuse himself. *Ungar v. Sarafite,* 376 U.S. 575, 584, 84 S.Ct. 841, 847, 11 L.Ed.2d 921 (1964).

4. The Ninth Circuit in *United States v. Robinson,* 449 F.2d 925 (9th Cir. 1971), noted that "[a]lthough the 'simple notice' required by Rule 42(b) is to be judged with less strictness than a formal indictment or information . . . due process as well as the rule require that it 'contain enough to inform [the alleged contemnor] of the nature and particulars of the contempt charged.' " *Id.* at 930.

Although the determination of what constitutes a reasonable time to prepare a defense is generally left to the discretion of the court and may vary according to the attendant circumstances of each case, minimal requirements of due process must guide the court's determination. In more complex cases involving conflicting facts an evidentiary hearing is required. Under these circumstances it has been suggested that the five day notice period prescribed under Rule 45(d) of the Federal Rules of Criminal Procedure (Fed.R.Civ.P. 6(d)) should be adopted as the standard. *See United States v. Alter, supra* at 1023. Even if an uncomplicated situation, it has been recognized that a day or two might be necessary to provide sufficient notice to allow the contemnor and his retained or assigned counsel to prepare their case. *See United States v. Marra*, 482 F.2d 1196, 1202 (2d Cir. 1973). Thus, in the absence of the most compelling need to proceed immediately, we find no justification for allowing a party only a few minutes to prepare the defense of a criminal contempt charge brought under Rule 42(b). *See In re Grand Jury, supra* (three days was held adequate time to prepare); *In re Sadin, supra* (two days held adequate); *United States v. Marra, supra* (one or two days adequate); *United States v. Hawkins, supra* (one day held adequate). *But see United States v. Alter, supra* (45 minutes held inadequate).

At least sufficient time must be accorded a party cited for criminal contempt to engage an attorney of his choice, to weigh the merits of the charge, to evaluate possible defenses and to marshal the evidence deemed necessary to proceed. The notice given by the district court in the present case was grossly inadequate in view of the nature and seriousness of the charge involved. *Cf. Groppi v. Leslie*, 404 U.S. 496, 498–99, 92 S.Ct. 582, 30 L.Ed.2d 632 (1972).

Although the contemnor urges that this court should set aside the contempt conviction on the ground that his conduct was not contemptuous, we find the notice so inadequate that we have not reviewed the sufficiency of the factual background leading to the charge. With adequate notice, it is possible the contemnor's evidence might shed a different light on the conduct in question.

Although we do not hesitate to give support to a trial court's dignity and authority, it is essential, in view of the seriousness of the charge, that contempt proceedings be guided by fair procedures affording every person a reasonable opportunity to defend himself. As stated by Chief Justice Taft in *Cooke v. United States*, 267 U.S. 517, 539, 45 S.Ct. 390, 395, 69 L.Ed. 767 (1925):

> The power of contempt which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court is most important and indispensable. But its exercise is a delicate one and care is needed to avoid arbitrary or oppressive conclusions.

The judgment is vacated and the cause remanded to the district court.