585 F.2d 1367
 Gary J. SCHLEPER
v.
FORD MOTOR COMPANY, AUTOMOTIVE DIVISION, Twin Cities
Assembly Plant and the UAW, Local 879.
In re Contempt Proceedings Seth R. PHILLIPS, Appellant.
 No. 78-1147.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 19, 1978.
Decided Oct. 23, 1978.
 
 Seth R. Phillips of Phillips & Petersen, Newport, Minn., for appellant.
 No brief was filed and no argument was made for appellee.
 Before HEANEY and STEPHENSON, Circuit Judges, and BECKER,* Senior District Judge.
 STEPHENSON, Circuit Judge.
 
 
 1
 Seth R. Phillips, an attorney, appeals from an order of the district court,[1] finding him in contempt of court as a result of the use of profane language in answer to an interrogatory. Appellant contends that, when read in proper context together with other interrogatories, the objectionable language is a proper, substantive response given in good faith, and is not directed at either the court or the opposing counsel. In addition, appellant argues[2] that the alleged contumacious conduct occurred outside the presence of the court, so that pursuant to Fed.R.Crim.P. 42(b), appellant must be provided with notice and an opportunity to be heard before a finding of contempt can be made. We reverse and remand.
 
 
 2
 On July 15, 1977, appellant Phillips filed a complaint in Schleper v. Ford Motor Co. The complaint arose from an arbitration proceeding. The central contention of the plaintiff, Gary J. Schleper, was that he was not adequately represented by his union representative at the arbitration hearing. An essential element of Schleper's complaint was that he had been subjected to continuing dehumanizing treatment by both defendant Ford and codefendant United Auto Workers Local 879. A significant portion of this claim was that obscene, abusive language was directed toward Schleper as ongoing harassment and provocation.
 
 
 3
 On July 27, 1977, Ford answered the complaint, and along with their answer submitted 19 interrogatories, each with subparts, for Schleper to answer. On September 9, 1977, attorney Phillips mailed an unsigned and incomplete set of answers to Ford, with a brief explanation that the delay was due to the time demands of Phillips' schedule in court. Phillips promised that a complete and properly signed set of answers would be forthcoming. This unsigned set of answers contained the response to Interrogatory 6(b) which is central to this appeal.
 
 
 4
 On November 4, 1977, Ford wrote Phillips, who had still not supplied completed, signed answers to the interrogatories, and extended the time to forward signed answers until November 11, 1977. Ford threatened to seek an order to compel answers if this deadline was not met. On November 9, 1977, attorney Phillips forwarded completed and signed answers. The answer to Interrogatory 6(b) was unchanged from its form in the incomplete set mailed by Phillips on September 9, 1977.
 
 
 5
 Interrogatory 6, consisting of a general question and four subparts relating to events at the arbitration proceeding, appears as follows:
 
 
 6
 INTERROGATORY NO. 6. Set forth in detail all facts upon which you rely in alleging that your Union representative did not cooperate with you in any manner in presentation of the arbitration case alleged in paragraph 12 of your Complaint.
 
 
 7
 a. Specify each witness that was not called who you requested your Union representative to call.
 
 
 8
 b. With regard to each such witness, set forth in detail the testimony which you believed said witness would have offered to the arbitrator had he testified at the arbitration hearing.
 
 
 9
 c. With regard to each such witness, state the reason given to you by your Union representative for not calling the witness.
 
 
 10
 d. State the reason given you by the Union representative for his refusal to submit the written testimony you had prepared to the arbitrator.
 
 
 11
 The answer to Interrogatory No. 6 dated November 9, 1977, and signed by both Schleper and Phillips, states:
 
 
 12
 ANSWER. Witnesses were called for their testimony regarding the discharge grievance. Witnesses that I requested for the prior seven grievances were not called.
 
 
 13
 a. Tom Laney, Richard Scott, Mike Hadfield, Carlton McCoy, Wayne Plemmel.
 
 
 14
 b. Fuck you.
 
 
 15
 c. I told him that my ass was on the line here and I wanted these witnesses called and he said I should have thought of my ass back in 1975. He added that he was my exclusive representative and that he'd decide who to call or not to call.
 
 
 16
 d. No reason was given. The "representative" simply refused to submit them.
 
 
 17
 It was at a hearing on motions by each defendant for summary judgment, held on November 18, 1977, that Phillips suggests he first learned that counsel for Ford had regarded the answer to Interrogatory 6(b) as a personal insult. Following this hearing, attorney Phillips claims he verified with Schleper that the answer to 6(b) was an answer relating to the language of the testimony that Schleper believed the witnesses not called at the arbitration hearing would have offered.
 
 
 18
 On November 21, 1977, Phillips received notice of a motion by Ford to dismiss pursuant to Fed.R.Civ.P. 11 and 37 based upon plaintiff's continuing and disrespectful failure to provide adequate interrogatory answers. Hearing on this motion was set for December 16, 1977.
 
 
 19
 Orders denying the two defendants' original motions for summary judgment were issued November 28, 1977. At about this time, Phillips claims he conferred again with Schleper concerning the answer to Interrogatory 6(b). At this meeting, Schleper revealed that he had allowed a friend who was a former co-worker at Ford to draft the answers to the interrogatories while Schleper was present. Following this new information, Phillips and Schleper expanded the answer to Interrogatory 6(b) to read: "The persons would have testified that the foreman said, 'Fuck you.' " Phillips mailed this amended answer to both defendants and to the court, along with a letter of apology for any affront they may have found in the form of the answer.
 
 
 20
 Phillips later reviewed the answers to all interrogatories with Schleper. This review resulted in several changes and amplifications which were included in a set of amended answers to interrogatories which were signed and mailed to both defendants on December 6, 1977. The amended answer to Interrogatory 6(b) stated:
 
 
 21
 b. The persons would have testified that the foreman said, "Fuck you." And on the Eighth grievance the committeeman said, "Fuck you," when I asked to make my health and safety grievance. With respect to the misrepresentation by Lew Caulford, the people present were George Schmitt, Bob Killeen and Eugene Newman.
 
 
 22
 On December 16, 1977, the hearing was held on Ford's motion to dismiss pursuant to Fed.R.Civ.P. 11 and 37. At that hearing counsel for Ford admitted that a Rule 37 motion to dismiss should follow the failure of a party to respond adequately to an order of the court to compel discovery, and that such an order had not been sought by Ford. Ford suggested, however, that in light of Phillips' recalcitrance and repeated use of the two-word expletive in answer to Interrogatory 6(b), dismissal might be appropriate even without Phillips' refusal to comply with a court order. Ford further suggested at this hearing that the court consider alternative sanctions available under Rule 37. The court did not direct any question regarding contempt at attorney Phillips at any time during this hearing, nor did the court alert Phillips to the possibility he might be held in contempt until its finding of contempt at the close of the hearing. Throughout the hearing, Phillips had addressed himself to the issue of why the complaint should not be dismissed.
 
 
 23
 On December 28, 1977, the court issued its formal order in which it found that Schleper's answers to Ford's interrogatories, and particularly to Interrogatory 6, were contemptuous. It further found that Schleper and Phillips were in willful contempt of court as a result of their actions in filing the answers to the interrogatories. As a fine for contempt of court, the court ordered Phillips to pay the clerk of court the sum of $400, and Schleper to pay the clerk of court the sum of $100. Further, the court found that Ford had incurred additional attorney fees as a result of the actions of Phillips and Schleper, and ordered Schleper to pay Ford the sum of $300 for attorney fees. The court stated that if the amounts specified to be paid by Schleper were not paid before January 31, 1978, the court would enter an order dismissing the action against Ford with prejudice. This appeal followed.
 
 
 24
 Fed.R.Civ.P. 37(b)(2)(D) authorizes imposition of the sanction of contempt of court in certain circumstances. Rule 37(a)(2) provides that if a party fails to answer an interrogatory, the discovering party may move for an order compelling an answer. Rule 37(b)(2) provides that if a party fails to obey an order under Rule 37(a)(2) to provide or permit discovery the court may then impose sanctions including contempt of court.
 
 
 25
 In the present case there was at no time an order entered by the district court requiring the plaintiff to answer the interrogatory. Two recent Eighth Circuit opinions clearly hold that the sanctions of Rule 37(b) are not applicable until there has been an order by the court compelling discovery. Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1341 (8th Cir. 1975); Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 994-95 (8th Cir. 1975). "When the discovery procedure is initially set in motion by the parties themselves without a court order, the party seeking discovery must first obtain an order under Rule 37(a) requiring the recalcitrant party or witness to make the discovery sought; it is only a violation of this order that is punishable under Rule 37(b). 8 Wright & Miller, (Federal Practice and Procedure, §§ 2282, 2289 (1970)); Accord, Wembley, Inc. v. Diplomat Tie Co., 216 F.Supp. 565 (D.Md.1963)." Fisher v. Marubeni Cotton Corp., supra, 526 F.2d at 1341. Therefore, the court lacked authority to impose contempt under Rule 37.[3]
 
 
 26
 We further agree with Phillips' contention that a finding of contempt under 18 U.S.C. § 401 was not proper. Section 401 provides in pertinent part:
 
 
 27
 A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as
 
 
 28
 (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice(.)
 
 
 29
 Fed.R.Crim.P. 42 sets out the procedural rules which govern a criminal contempt charge:
 
 
 30
 (a) Summary Disposition. A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.
 
 
 31
 (b) Disposition upon Notice and Hearing. A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. He is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment.
 
 
 32
 Rule 42 provides the only basis upon which a charge of criminal contempt may be prosecuted. In re Weeks, 570 F.2d 244, 246 (8th Cir. 1978).
 
 
 33
 Summary contempt proceedings are permissible only when the contumacious behavior is committed in the presence of the judge and known to him personally, requiring immediate corrective action to restore the authority and dignity of the court. United States v. Wilson, 421 U.S. 309, 315, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975); Harris v. United States, 382 U.S. 162, 164, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965); In re Weeks, supra, 570 F.2d at 246; United States v. Peterson, 456 F.2d 1135, 1139 (10th Cir. 1972). In the case at bar, the completion of the written interrogatories that were found to be contumacious was behavior falling outside Rule 42(a). See In re Weeks, supra; Kelley v. United States, 199 F.2d 265 (4th Cir. 1952).
 
 
 34
 For conduct beyond the scope of Rule 42(a), Rule 42(b) requires other criminal contempts to be prosecuted "on notice." The notice requirements include a statement of the facts constituting the criminal contempt together with a reasonable time to prepare a defense. Harris v. United States, supra, 382 U.S. at 166-67, 86 S.Ct. 352; United States v. United Mine Workers of America, 330 U.S. 258, 296-301, 67 S.Ct. 677, 91 L.Ed. 884 (1947); Cooke v. United States, 267 U.S. 517, 535-36, 45 S.Ct. 390, 69 L.Ed. 767 (1925); In re Weeks, supra, 570 F.2d at 246-47; United States v. Peterson, supra, 456 F.2d at 1138-39.
 
 
 35
 We note that when scandalous, abusive or improper language or material is included in the pleadings, common practice is to strike the objectionable language, frequently with leave to amend. Skolnick v. Hallett,350 F.2d 861 (7th Cir. 1965), Cert. denied, 382 U.S. 996, 86 S.Ct. 580, 15 L.Ed.2d 482 (1966); Ex parte Tyler, 70 F.R.D. 456 (E.D.Mo.1976); Martin v. Hunt, 28 F.R.D. 35 (D.Mass.1961); Mottaghi-Iravani v. International Commodities Corp., 20 F.R.D. 37 (S.D.N.Y.1956). Certainly the unexplained and unqualified use of obscene language in answer to Interrogatory 6(b) in the present case cannot be condoned. However, the contempt power is a drastic remedy, and it should be invoked only when the right to its use is clear. United States v. Peterson, supra, 456 F.2d at 1139. The proceedings here required compliance with the mandates of Fed.R.Crim.P. 42(b). The notice Phillips received pertained only to a hearing on December 16, 1977, on a motion for dismissal pursuant to Fed.R.Civ.P. 37, not to a charge of criminal contempt against him. Accordingly, Phillips limited his remarks at the hearing to the issue of dismissal. In short, because of inadequate notice and no meaningful opportunity to be heard, Phillips was denied fundamental procedural due process. See In re Weeks, supra, 570 F.2d at 247; United States v. Peterson, supra, 456 F.2d at 1139.
 
 
 36
 Although Phillips argues that the answer to Interrogatory 6(b) was not contumacious, in light of the inadequacy of the notice we find it unnecessary to review the facts surrounding Phillips' conduct. With adequate notice, attorney Phillips will have ample opportunity to attempt to explain his actions to the district court.[4]
 
 
 37
 Reversed and remanded for proceedings consistent with this opinion. Each party will bear its own costs.
 
 
 38
 WILLIAM H. BECKER, Senior District Judge, dissenting.
 
 
 39
 In this court only the appellant filed a brief and made an oral argument. Regrettably, the position of the district judge was neither presented nor advocated on this appeal. The district judge properly did not file a brief. Unfortunately, the defendants below did not respond as appellees in support of the judgment of the district court.
 
 
 40
 Because of a belief that the action of the district court was not erroneous and should be affirmed, this dissent is filed.
 
 
 41
 The majority opinion imposes unnecessary and frustrating procedures upon the district courts, which are already overburdened. These procedures will further hamper the efforts of the district courts to deter contemptuous and dilatory conduct and to accomplish the voluntary discovery contemplated by the Federal Rules of Civil Procedure (F.R.Civ.P.). This case is more important than the small fine imposed for the behavior found to be contemptuous. It affects salutary powers of district courts generally.
 
 
 42
 The judgment of the trial court should be affirmed for three reasons, each of which is sufficient to warrant the action of the district court in finding the appellant guilty of contempt. The three reasons are: (1) the Filing of the pleading (answer to an interrogatory) containing contumacious matter was a direct contempt punishable summarily without notice and hearing under Rule 42(a), F.R.Cr.P.; (2) in the circumstances of this case, the imposition of the sanction of contempt for the contumacious, evasive, obstructive total failure to answer the interrogatory was authorized by paragraph (d) of Rule 37, F.R.Civ.P., as direct or indirect contempt; (3) the notice and hearings on the motion for sanctions under Rule 37, F.R.Civ.P., were sufficient to satisfy the requirements of due process, and of Rule 42(b), F.R.Cr.P.
 
 
 43
 * Filing of Contumacious Material as Direct Contempt
 
 
 44
 The Filing of a pleading (in this case an answer to an interrogatory) containing contumacious matter is a direct contempt punishable summarily and without notice and hearing under paragraph (a) of Rule 42, F.R.Cr.P. Owens v. Dancy, (C.A. 10 1929) 36 F.2d 882, Cert. denied, 281 U.S. 746, 50 S.Ct. 351, 74 L.Ed. 1158 (1930); Spencer v. Dixon, (W.D.La.1968) 290 F.Supp. 531.
 
 
 45
 The filing of a pleading containing contumacious matter is a contempt that the judge "saw" committed in the "actual presence of the court" as these words are used in Rule 42(a), F.R.Cr.P. Owens v. Dancy, supra; Spencer v. Dixon, supra.
 
 Rule 42(a), F.R.Cr.P., reads as follows:
 
 46
 (a) Summary Disposition. A criminal contempt may be punished summarily if the judge certifies That he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record. (Emphasis added.)
 
 
 47
 The power of a court to punish direct contempts summarily is firmly established in Anglo-American law. In Fisher v. Pace, 336 U.S. 155, l.c. 159-160, 69 S.Ct. 425, l.c. 427, 93 L.Ed. 569, l.c. 573 (1949), the United States Supreme Court stated:
 
 
 48
 Historically and rationally the inherent power of courts to punish contempts in the face of the court without further proof of facts and without aid of jury is not open to question. This attribute of courts is essential to preserve their authority and to prevent the administration of justice from falling into disrepute. Such summary conviction and punishment accords due process of law. (Footnotes omitted.)
 
 
 49
 Thus the question is what conduct constitutes contempt committed in the presence of the court; or more specifically, is the Filing of a pleading (here, an answer to an interrogatory) containing obstructive, unresponsive, contumacious material within the power of the court to punish by summary action as direct contempt? Under the controlling authorities the answer is affirmative.
 
 
 50
 It is apparent, in the circumstances of this case, that the court does not need the testimony of third parties, or any other evidence to find that contempt has been committed by appellant because the contumacious material is, in fact, contained in the pretended answer to the interrogatory Filed in the court below. The obscene expletive, which is not an answer to the interrogatory No. 6(b), is evident and plain enough for the court, its staff, and opposing counsel to read. The majority attempts to distinguish this case on the ground that the district court found the out-of-court preparation of the interrogatory to be contempt. This is an unwarranted construction of the record. It was not the out-of-court drafting of the pretended answer to the interrogatory that constituted the contumacious conduct. It was the Filing of the obstructive obscene material that constituted the contempt. Counsel could have drafted, in conference with his client in the privacy of his office, many drafts containing contumacious, evasive, obscene and unresponsive expletives, but if he did not File or publish any of them he could not be found to be in direct or indirect contempt of court.
 
 
 51
 The district court did not hold the Preparation of the answers to be contumacious. The actions of the district court, including the finding of contempt, were expressly based on the court records in which the interrogatories were Filed. The only reference in the findings concerning preparation was that the answers, As prepared and signed on November 9, 1977, were contemptuous. This finding was a subordinate sentence of a series of findings following the governing clause reading:
 
 
 52
 "Upon all the files, records and proceedings herein, the court finds as follows:" (R. Item 25).
 
 
 53
 A reading of the material part of the judgment of the district court makes this clear. The material part of the judgment is as follows:
 
 
 54
 This matter comes before the court on the motion of the defendant Ford Motor Company.
 
 
 55
 Upon all the files, records and proceedings herein, the court finds as follows:
 
 
 56
 1. Plaintiff's Answers to defendant Ford Motor Company's Interrogatories and particularly Interrogatory 6, as prepared and signed on November 9, 1977, are contemptuous.
 
 
 57
 2. Plaintiff Gary J. Schleper and his attorney, Seth R. Phillips, are in willful contempt of this court as a result of their actions in Filing the Answers to Interrogatories referred to above. (Emphasis added.)
 
 
 58
 3. The content of the court's file contains no justification or excuse for the actions of plaintiff Schleper and his attorney in preparing, signing and filing the above-referenced Interrogatory Answers.
 
 
 59
 The reference to the interrogatories, "as prepared and signed on November 9, 1977," was necessary to distinguish the contumacious answer to the interrogatory from drafts of other interrogatories, including unsworn and incomplete answers prepared and served on counsel on other dates. (Exhibit A, Memorandum, and Exhibit C, Letter, Appellant's Br. 37 and 42, R. General Index).
 
 
 60
 In Owens v. Dancy, supra, a lawyer filed a motion for leave to file a petition for rehearing in the Oklahoma Supreme Court. In that pleading, the lawyer stated, in unnecessary and contemptuous language and detail, that the judges of the court were biased and prejudiced. The question, whether the filing of the motion was direct contempt, was decided on federal review by the Court of Appeals for the Tenth Circuit which held summary action was warranted, stating:
 
 
 61
 "There is no need of evidence or assistance of counsel before punishment, because the court has seen the offense. Such summary vindication of the court's dignity and authority is necessary. It has always been so in the courts of the common law, and the punishment imposed is due process of law." (Quoting from Cooke v. United States, 267 U.S. 517, l.c. 534, 45 S.Ct. 390, l.c. 394, 69 L.Ed. 767, l.c. 773 (1924).)
 
 
 62
 Owens v. Dancy, supra, 36 F.2d l.c. 885.
 
 
 63
 In the Owens case it was found that appellant "caused the contemptuous pleading, verified by him under oath 'that the statements, allegations and averments therein made and contained are true,' To be brought into court and placed among the files in the case to which he was a party for the court's inspection and action thereon. This clearly constituted contemptuous conduct in the presence of the court." (Emphasis added.) Owens v. Dancy, supra, 36 F.2d l.c. 885.
 
 
 64
 In Spencer v. Dixon, supra, Spencer, a lawyer, filed a motion in a state court requesting that state court Judge Dixon recuse himself. The motion contained irrelevant, scandalous, insulting and abusive language criticizing Judge Dixon. The Louisiana statutes permitted summary citation for contempt without notice and hearing in those circumstances.
 
 
 65
 Spencer filed an action in federal court challenging the constitutionality of the Louisiana statutes. A three judge court found that no substantial constitutional question had been submitted. The federal district court proceeded to determine the validity of the summary judgment of contempt. In holding that the summary judgment of contempt was valid, the district court said:
 
 
 66
 Since Ex parte Terry, the law of contempt has been refined by numerous decisions, and in some instances, arbitrary judicial authority curtailed. This court has been referred to no case of any appellate tribunal or court of original jurisdiction which ever has interdicted as unconstitutional the contempt authority of a court to punish irrelevant, insulting, abusive, or grossly discourteous language in criticism of a judge or officer of the court in a pleading filed with the court. It is our irrevocable view that such language contains no constitutional protection and so has been held by definitive opinions of appellate tribunals, especially by the Supreme Court of the United States. Spencer v. Dixon, supra, 290 F.Supp. l.c. 537. (Footnotes omitted.)
 
 
 67
 Based originally on Ex parte Terry, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405 (1888), the existing law, discussed above, was affirmed in Harris v. United States, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965), an inapposite decision curiously relied on by the majority. That the Harris case is not in point is shown by the following quotation from the majority opinion in Harris v. United States, supra, 382 U.S. l.c. 165, 86 S.Ct. l.c. 354, 355, 15 L.Ed.2d l.c. 242, 243:
 
 
 68
 In the instant case, the dignity of the court was not being affronted: no disturbance had to be quelled; No insolent tactics had to be stopped. The contempt here committed was far outside the narrow category envisioned by Rule 42(a). 3 (Emphasis added.)
 
 
 69
 (Footnote 3.) Rule 42(a) was described by the Advisory Committee as "substantially a restatement of existing law. Ex parte Terry, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405; Cooke v. United States. . . ." We have confirmed this on more than one occasion, e. g., Offutt v. United States, 348 U.S. 11, 13-14, 75 S.Ct. 11, 99 L.Ed. 11, 15, 16; Brown v. United States, supra, 359 U.S. at 51, 79 S.Ct. at 547, 3 L.Ed.2d at 617.
 
 
 70
 The later case United States v. Wilson, 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975), also relied on by the majority, reaffirmed this distinction in note 10, 421 U.S. l.c. 317, 95 S.Ct. l.c. 1807, 44 L.Ed.2d l.c. 193.
 
 
 71
 The files and records in this case disclose ample evidence to support the finding of facts of the district court. The facts reliably found by the district judge warranted the summary citation for direct contempt, without notice and hearing, under Rule 42(a), F.R.Cr.P. There was no application of an erroneous rule of law. Section 401, Title 18, U.S.C. and authorities cited above.
 
 
 72
 Further, it is not required that corrective action for direct contempt be taken immediately. Sacher v. United States, 343 U.S. 1, 72 S.Ct. 451, 96 L.Ed. 717 (1952); Cf. Taylor v. Hayes, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974).
 
 
 73
 The suggestion that the filing in the court of the contemptuous and obstructive answers to interrogatories was not committed in the presence of the court, and seen by the court, is unwarranted in fact and law. The cases relied on by the majority for this view are not in point.
 
 
 74
 The hearings on the motion of Ford for sanctions under Rule 37, F.R.Civ.P., which preceded the finding of contempt against the appellant were not required by Rule 42, F.R.Cr.P., or the Constitution of the United States. Therefore, the judgment of the district court should be affirmed for this reason alone.
 
 II
 
 75
 The Sanctions Were Authorized by Rule 37(d) and Rule 42(b)
 
 
 76
 Contempt is a permissible sanction under Rule 37(d). The appellant was notified that, on the files and records, the defendant Union Local 879 (Union) would present, on November 18, 1977, its motion to disqualify appellant for unprofessional conduct (R. Item No. 12). Defendant Ford Motor Company (Ford) notified the appellant that it joined in the Union's motion and would present at the same time a motion of Ford for summary judgment (R. Item 16 and 17) of dismissal based on the same parts of the record (R. Item 13). It was on these motions, and after two hearings, (one on each) that the finding of contempt was made (R. Item 19 and 25). These motions were based on plaintiff's and appellant's contumacious, disrespectful failure to provide a responsive, decent answer to interrogatory No. 6(b) and answers to other interrogatories. The motions clearly notified appellant that he was charged with unprofessional conduct in regard to the interrogatory answers. One motion, in which codefendant Ford joined, sought appellant's disqualification for unprofessional conduct. Under these circumstances appellant could not reasonably assume that he was to appear to oppose a simple motion for dismissal in which his alleged misconduct would not be an issue.
 
 
 77
 On November 28, 1977, the court held a hearing on the motion of the Union, (in which Ford joined) for summary judgment and for disqualification for misconduct of appellant as attorney for the plaintiff. The district court denied the motion of the Union for summary judgment and took under advisement, pending the taking of the deposition of the appellant, the motion of the Union (in which Ford joined) to disqualify appellant (R. Item 19). Finally on December 28, 1977, after a hearing on the separate motion of Ford for summary judgment, the finding of contempt by appellant was made.[1]
 
 
 78
 Those proceedings substantially satisfied paragraph (d) of Rule 37, F.R.Civ.P., and also Rule 42(b), F.R.Cr.P.
 
 
 79
 Paragraph (d) of Rule 37, F.R.Civ.P., authorizes imposition of a penalty for contempt for failure to answer an interrogatory in the following language:
 
 
 80
 (d) Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) To serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, The court in which the action is pending On motion may make such orders in regard to the failure As are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
 
 
 81
 The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c). (Emphasis added.)
 
 
 82
 Paragraph (d) of Rule 37, F.R.Civ.P., authorizes imposition of orders for express sanctions "among others," and alternative orders "as are just." Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). These sanctions include the sanction of contempt for the contumacious failure to answer an interrogatory (see discussion hereinafter). The choice of sanction is not governed by the sanction requested by the movant. In fact, under the controlling decision of this court, Edgar v. Slaughter, (C.A. 8 1977) 548 F.2d 770, the failure of the trial court to consider the alternative sanction of citation for contempt, instead of default judgment sought by movant, was the ground for reversal of a default judgment rendered on a motion under Rule 37(b) which contains the same language authorizing the court to make such orders "as are just." In Edgar v. Slaughter, supra, 548 F.2d l.c. 772, 773, this court stated:
 
 
 83
 Fed.R.Civ.P. 37(a) and (b) provide broad discretion to the trial court to impose sanctions for failure to comply with the court's order. Yet, as has been often noted, the rule requires the court to enter "such orders in regard to the failure as are just." The various sanctions under Rule 37(b)(2)(A-E) allow the court, Inter alia, to treat such failure as contempt of court, to require the payment of reasonable attorney fees, to stay proceedings until the order is obeyed, to require admissions, to allow designated evidence without further dispute, to strike pleadings, and to enter a dismissal or judgment by default. It can readily be perceived that the latter sanction is most severe and harsh. The Supreme Court and this court have strongly indicated that the harsh remedies of dismissal and default should only be used when the "failure to comply has been due to . . . willfulness, bad faith, or any fault of petitioner." Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958); and General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1211 (8th Cir. 1973). As Judge Van Oosterhout stated, "(t)here is a strong policy favoring a trial on the merits and against depriving a party of his day in court." Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 996 (8th Cir. 1975).
 
 
 84
 These cases reflect the proper balance between the conflicting policies of the need to prevent delays and the sound public policy of deciding cases on their merits. McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976); and Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974). This balance recognizes that a trial judge should have wide latitude in controlling pretrial discovery orders and should seek compliance with his orders. But this balance also recognizes that in our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied. Prior to dismissal or entering a default judgment, fundamental fairness should require a district court to enter an order to show cause and hold a hearing, if deemed necessary, to determine whether assessment of costs and attorney fees or even an attorney's citation for contempt would be a more just and effective sanction. Dismissal and entry of a default judgment should be the rare judicial act. When noncompliance is the result of dilatory conduct by counsel, the courts should investigate the attorney's responsibility as an officer of the court and, if appropriate, impose on the client sanctions less extreme than dismissal or default, unless it is shown that the client is deliberately or in bad faith failing to comply with the court's order. On remand the district court is free to investigate the imposition, if deemed necessary, of less extreme sanctions against plaintiff or his attorney. (Footnotes omitted.)
 
 
 85
 The same rule was applied in Kropp v. Ziebarth, (C.A. 8 1977) 557 F.2d 142. The rulings in these cases are applicable to this case because the language in both paragraphs (b) and (d) of Rule 37 authorizes the district courts in their discretion to make orders "as are just" in addition to those expressly described.
 
 
 86
 The imposition of the sanction of contempt for the contumacious, evasive and obstructive total failure to answer the interrogatory was authorized by paragraph (d) of Rule 37, F.R.Civ.P., quoted above. The sanctions of paragraph (d) are not limited to those expressly described or expressly incorporated by reference to paragraph (b) of Rule 37. Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). Airtex Corp. v. Shelley Radiant Ceiling Co., (C.A. 7 1976) 536 F.2d 145. In that case, as are the answers of appellant in this case, "Airtex's answers were evasive and incomplete and appear to have been framed to impede discovery rather than to facilitate it." 536 F.2d l.c. 155. In the Airtex case, the court found that the answers were tantamount to no answer at all and that sanctions "as are just" could be imposed under Rule 37(d), saying: "To hold otherwise would be to deny the interrogating party any remedy for a deliberate violation of rule 33." 536 F.2d l.c. 155. In a scholarly opinion, Judge Joiner reached the same result. Bell v. Automobile Club of Michigan, (E.D.Mich.1978) 80 F.R.D. 228, 25 F.R.Serv.2d 798.
 
 
 87
 These authorities are obviously applicable to this case, in which the purported answer to the interrogatory in question was an obscene expletive instead of an answer. Paragraph (d) of Rule 37, quoted above, expressly authorizes in addition to those expressly mentioned, orders "as are just and among others" mentions paragraphs (A), (B) and (C) of paragraph (b)(2) of Rule 37. This language, properly interpreted, expressly authorizes additional "just" sanctions. In proper circumstances the attorney, rather than the party, should be held accountable for the attorney's misfeasance or nonfeasance. This is established as the just policy by the decisions of this court cited above.
 
 
 88
 In footnote 3 of the majority opinion, it is conceded that it is not necessary to secure an order to compel discovery before moving for sanctions under paragraph (d) of Rule 37.
 
 
 89
 On December 28, 1977, after two hearings, the district court entered an order that was authorized in the aggravated circumstances of this case, as just under the policy of this court in the Edgar and Kropp cases cited above.
 
 
 90
 This conclusion is supported by 4A Moore's Federal Practice, P 37.05 at page 37-103 (2d ed. 1978), where Crosley Radio Corporation v. Hieb, (S.D.Iowa 1941), 40 F.Supp. 261 is explained in note 29; Advisory Committee's Note on Rule 37(d), 48 F.R.D. 541, 542 which states "the scheme conforms to Rule 37(b) as construed by the Supreme Court in Societe Internationale v. Rogers, 357 U.S. 197, 208, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)." See also Comment, Sanctions Imposed by Courts on Attorneys Who Abuse the Judicial Process, 44 U.Chi.L.Rev. 619, l.c. 630 (1977), wherein it is stated with regard to the sanctions available under Rule 37, F.R.Civ.P.:
 
 
 91
 Similarly, subdivision (d) of the rule provides that if a party fails to attend his own deposition, to serve answers to interrogatories, or to respond to a request for inspection, the court "may make such orders in regard to the failure as are just," including any action authorized in subdivision (b). (Footnote omitted.)
 
 
 92
 The sanction of contempt is available under paragraph (d) of Rule 37 under proper circumstances. Section 2291 of 8 Wright & Miller, Federal Practice and Procedure (Treatise) 813 (1970), states the contrary rule, but the only authority cited is a case construed to support the imposition of contempt under paragraph (d) of Rule 37. See footnote 30, Supra, at page 813. The treatise does not attempt to reconcile this statement with the statement on page 812 of Volume 8 in the text, seemingly to the contrary, and that in note 25 on page 812 of Volume 8 Federal Practice and Procedure, supra. § 2291 of the treatise states, concerning Rule 37(d):
 
 
 93
 In addition the rule now says, as Rule 37(b)(2) always has said, that the court is to make "such orders with regard to the failure as are just." Taken together these two changes mean that any failure of the sort described in Rule 37(d) permits invocation of the rule, regardless of the reason for the failure, but that the court has discretion about the sanction to be imposed. 25
 
 
 94
 Note 25, on page 812 of the Treatise, paraphrases the Advisory Committee's Note to paragraph (d) in 48 F.R.D. 541, 542. In the treatise it is stated, Inter alia, that:
 
 
 95
 Although Rule 37(d) in terms provides for only three sanctions, all rather severe, the courts have interpreted it as permitting softer sanctions than those which it sets forth (citing cases) . . . . Thus the scheme conforms to Rule 37(b) as construed by the Supreme Court in Societe Internationale v. Rogers, 357 U.S. 197, 208, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), 48 F.R.D. at 541-542.III
 
 Appellant Was Accorded Due Process
 
 96
 If the filing of the obscene purported answer to interrogatory No. 6(b) was direct contempt, the requirements of due process were satisfied by summary action without notice and hearing. See authorities cited in Point I hereof.
 
 
 97
 Even if it be assumed that the actions of appellant did not constitute direct contempt, the appellant was accorded more than the requirements of due process.
 
 
 98
 Appellant was served with a motion by the defendant Union that appellant be disqualified for unprofessional conduct appearing from the files and records. Ford joined in this motion and also moved for a summary judgment of dismissal. These motions were heard on notice on two separate days. There was no reasonable doubt that appellant's conduct was in issue.
 
 
 99
 A lawyer practicing in the federal courts is charged with notice of the content of the federal rules and the content of motions filed thereunder. When his opponent serves and files a motion for sanctions under Rule 37, F.R.Civ.P., the lawyer must assume that the court may choose the sanction of contempt by the attorney rather than any other sanction chosen by the movant. Indeed, the court is required by decisions of this court to consider that sanction in the interest of justice, when empowered to do so. Societe Internationale v. Rogers, supra; Edgar v. Slaughter, supra; Morrison v. Paxson, (E.D.Pa.1976) 22 F.R.Serv.2d 1446.
 
 
 100
 Because the appellant in this case was given notice of his alleged unprofessional conduct and was given two hearings before the sanction was imposed, the substantive requirements of due process of law and also of paragraph (b) of Rule 42, F.R.Cr.P., were met.
 
 
 101
 To hold another hearing under paragraph (b) of Rule 42, F.R.Cr.P., is not required by law and simply compounds the interference of appellant with the operation of the district court.
 
 Conclusion
 
 102
 The action in reversing this judgment of contempt will impose on the district court the choice of holding a third hearing or abandoning the imposition of sanctions as too difficult and time consuming. At this stage it is only the district judge who suffers for the wrongful, obstructive, obscene and evasive conduct of the appellant.
 
 
 103
 What ought to be said in this case was said well by an experienced former trial judge, now an appellate judge, Circuit Judge Skelly Wright, in these words from Dellums v. Powell (C.A.D.C.1977) 566 F.2d 231, l.c. 235, 236:
 
 
 104
 Recently the Supreme Court, in reaffirming its Societe Internationale holding in National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), added a further consideration. Although mindful that a dilatory party might generally mend its ways even if a dismissal order was reversed on appeal, the Court warned that leniency on this account was not necessarily justified because such leniency would cause "other parties to other lawsuits (to) feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other District Courts." Id. at 643, 96 S.Ct. at 2781. This admonition has special significance in the case of interrogatories which are supposed to be served and answered without the need for judicial prompting. Indeed, Rule 37(d) plainly requires a party receiving interrogatories to make one of two responses: an answer or a motion for a protective order. If parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules. (Footnotes omitted.)
 
 
 105
 I would affirm the judgment of the district court.
 
 
 
 *
 The Honorable William H. Becker, Senior United States District Judge for the Western District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota
 
 
 [2]
 Ford Motor Company did not file a brief or present oral argument
 
 
 [3]
 Under Fed.R.Civ.P. 37(d) certain sanctions may be imposed for failure to answer an interrogatory without first obtaining a court order. However, contempt of court is not one of the sanctions available under Rule 37(d)
 
 
 [4]
 The dissent at page 18 refers to notice to appellant of a motion by the Union to disqualify appellant for unprofessional conduct (R. Item No. 12). This notice states the Union will move "for an order under the Code of Professional Responsibility, as adopted by the Minnesota Supreme Court Disciplinary Rules 5-101 and 5-102, disqualifying Plaintiff's attorney, Seth R. Phillips, for acting as both attorney and witness." R. Item 16 refers to "Plaintiff's continuing and disrespectful failure to provide adequate Interrogatory Answers." R. Item 17 likewise refers to "Plaintiff's continuing and disrespectful failure to provide adequate interrogatory answers."
 
 
 [1]
 Appellant and plaintiff did not file amended answers until after the last hearing on the motion under Rule 37, showing the need for the citation for contempt. (R. Item 23)