ZENITH RADIO CORPORATION, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 80–5–00861

(Dated August 6, 1981)

MALETZ, *Judge:* Defendant has filed a motion pursuant to rule 37 to impose sanctions upon plaintiff in the form of an order providing (i) that the judgment in defendant's favor be entered on the allegations contained in paragraphs 32, 33, 34, 35 (3rd through 5th sentences), and 36 of plaintiff's First Amended Complaint; and (ii) that plaintiff shall within 14 days pay to defendant the sum of $4.79 million. The basis of the motion is this. Plaintiff originally advanced an objection based on prematurity in response to several of defendant's first interrogatories. Defendant alleges that this objection consisted of a deliberate falsehood interposed solely for delay and for the purpose of concealing the lack of substance in plaintiff's case on the merits and that the sanctions sought are thus appropriate.

Upon consideration of defendant's motion; plaintiff's memorandum in opposition to such motion; and defendant's reply to plaintiff's memorandum in opposition, it is hereby ordered that defendant's motion for sanctions pursuant to rule 37 be denied for the following reasons:

First, sanctions pursuant to rule 37(b) may be imposed only where, unlike the situation here, the court has issued a discovery order and that order has been violated. See, e.g., *Schleper* v. *Ford Motor Co.*, 585 F. 2d 1367, 1371 (8th Cir. 1978); *Fisher* v. *Marubeni Cotton Corp.*, 526 F. 2d 1338, 1341 (8th Cir. 1975); *Britt* v. *Corporacion Peruana de Vapores*, 506 F. 2d 927, 932 (5th Cir. 1975); 8 Wright & Miller, *Federal Practice and Procedure*, §§ 2282; 2289 (1970).

Also, rule 37(c) does not authorize sanctions here. That provision is applicable only where there has been a serious or total failure of a party to respond to interrogatories—a circumstance not present here. See, e.g., *Laclede Gas Co.* v. *G. W. Warnecke Corp.*, 604 F. 2d 561, 565 (8th Cir. 1979); *Fox* v. *Studebaker-Worthington, Inc.*, 516 F. 2d 989, 995 (8th Cir. 1975); 8 Wright & Miller, *supra*, § 2291. See also *Sigliano* v. *Mendoza*, 642 F. 2d 309, 310 (9th Cir. 1981).

Further, in the court's view, defendant has not shown that the objection of prematurity which plaintiff originally advanced with respect to defendant's first interrogatories consisted of a deliberate falsehood.