905 F.2d 1529
 16 Fed.R.Serv.3d 1230
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
D. Dianna GILBERT, Plaintiff-Appellant,
v.
John O. MARSH, Jr., Secretary, U.S. Department of Army, in
his official capacity, Defendant-Appellee.
 No. 89-2219.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 20, 1990.
Decided May 8, 1990.
Rehearing and Rehearing In Banc Denied June 20, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (C/A No. 88-3386-R)
 D. Dianna Gilbert, appellant pro se.
 Stewart Carl Hudson, United States Army, Washington, D.C., for appellee.
 D.Md.
 AFFIRMED.
 Before K.K. HALL, PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 D. Dianna Gilbert appeals from the district court's order dismissing her pro se employment discrimination complaint against the United States Army because of her failure to comply with discovery requests, pursuant to Fed.R.Civ.P. 37(d). Under the circumstances presented, we hold that the district court did not abuse its discretion and thus affirm the order of dismissal.
 
 
 2
 * In March 1989 the district court set a 120-day timetable for completing discovery. The defendant served Gilbert with interrogatories and a request for production in April. In September--after the 120 days allocated for completing discovery had expired--the defendants wrote to Gilbert, reminded her of her obligation to answer and warned her that her suit could be dismissed if she failed to respond. In response, Gilbert submitted a rambling 50-page document reiterating her prior allegations that she and her family were the victims of a vast conspiracy permeating all levels of the government and military. In this response Gilbert stated that she would not permit the district court judge to preside over the case any longer. She also flatly stated that thereafter she would refuse to acknowledge any action taken by any of a number of individuals--including the presiding judge. After receiving Gilbert's nonresponsive reply, the defendant immediately moved for a Rule 37(d) dismissal.
 
 
 3
 The district court granted the defendant's motion. The court pointed out that, throughout the litigation, Gilbert had repeatedly disregarded or ignored court directives. Specifically, it recounted her failure to file her papers with the clerk rather than directly with chambers, despite repeated instructions to the contrary, and her failure to show up for a scheduled pre-trial conference. The court then granted the Rule 37 motion because Gilbert had flagrantly and willfully disregarded her discovery obligations and because her response and previous behavior made it unlikely that imposing any lesser sanction would change her behavior.
 
 II
 
 4
 Rule 37 is designed to permit the court to control pending litigation. Under Rule 37 the district court has the authority to impose appropriate sanctions, up to and including dismissal, when a party fails to satisfy its discovery obligations. Although ordinarily sanctions can be applied only for failing to comply with a court order, Rule 37 permits sanctions to be imposed against a party who fails to appear or respond to discovery requests without the necessity of a court order. However, willfullness, bad faith, or fault is required for the severe sanction of dismissal. See Truck Treads, Inc. v. Armstrong Rubber Co., 818 F.2d 427 (5th Cir.1987); Shawmut-Boston Int'l Banking Corp. v. Duque-Pena, 767 F.2d 1504 (11th Cir.1985); Damiani v. Rhode Island Hospital, 704 F.2d 12 (1st Cir.1983); Edgar v. Slaughter, 548 F.2d 770 (8th Cir.1977); Flaks v. Koegel, 504 F.2d 702 (2d Cir.1974). Dismissal is improper where there is no showing of willfullness or bad faith. Marshall v. Segona, 621 F.2d 763 (5th Cir.1980); Edgar, supra.
 
 
 5
 We recognize that dismissal of a pro se complaint for discovery violations is a severe sanction. However, when a party's flagrant and willful disregard of its discovery obligations threatens to undermine the court's ability to control the litigation before it and imposing a lesser sanction is not likely to alleviate that threat, dismissal lies within the range of sanctions which the district court may, in its discretion, elect to impose. That is the situation present here. Because Gilbert had flagrantly and willfully refused to comply with her discovery obligations and because she had stated that she would not acknowledge--much less obey--any further instructions from the district court, it was unlikely that imposing a lesser sanction would be effective. Under these circumstances, we find that the district court did not abuse its discretion.
 
 
 6
 Accordingly, we affirm the order of dismissal. We dispense with oral argument because the facts and legal contentions are adequately presented on the record before this Court and oral argument would not aid the decisional process.
 
 
 7
 AFFIRMED.