# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2825
No. 99-2830

_____

| | | |
|---|---|---|
| Everyday Learning Corporation, | * | |
| | * | |
| Plaintiff - Appellee/ | * | |
| Cross-Appellant, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Cheryl Larson, | * | |
| | * | |
| Defendant - Appellant/ | * | |
| Cross-Appellee. | * | |

_____

Submitted:  November 17, 2000

Filed:  March 12, 2001

_____

Before LOKEN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Cheryl Larson is an independent sales representative who sells educational materials to school districts in Minnesota, North Dakota, and Western Wisconsin. From 1989 to mid-1996, Larson represented Everyday Learning Corporation ("ELC"), selling ELC's mathematics curriculum materials and supporting "manipulatives" (products such as rulers, dice, and dominoes designed to assist math learning) to school districts in her territory.  In May 1996, Larson persuaded the Minneapolis School

District to purchase ELC's math curriculum materials for a term of six years. Shortly thereafter, ELC terminated Larson's written contract, assigning her sales territory to ELC employees. When ELC and Larson could not agree on the commissions owing after termination, ELC filed this diversity action, alleging that Larson's breach of the contract's "best efforts" provision, and her post-termination efforts to sell competing manipulatives to ELC customers, relieved ELC of its duty to pay commissions on pre-termination sales to the Minneapolis School District. Larson counterclaimed, alleging that the contract should be reformed or liberally construed to provide her commissions on ELC's post-termination sales to Minneapolis schools.

After repeated discovery and other pretrial abuses by Larson's former attorney, Steven Samborski, the district court[1] sanctioned Larson by entering default judgment against her on ELC's claims and dismissing her counterclaims. After an evidentiary damage hearing, the court declined to award ELC damages on its default judgment. Larson (represented by new counsel) appeals the default judgment and dismissal of her counterclaims. ELC cross-appeals the lack of a damage award. We affirm.

## I. Larson's Appeal.

Beginning with his failure to provide initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure in September 1997 and continuing up to the June 1998 hearing on ELC's second motion for sanctions, attorney Samborski committed a series of discovery abuses and pretrial order violations that Magistrate Judge Jonathan Lebedoff described as "flabbergasting." On appeal, Larson concedes that Samborksi's misconduct warranted a strong sanction under Rule 37(b) for willful failure to comply with the court's pretrial orders and that the misconduct created the circumstances in which the sanction may include dismissal of claims or entry of default

---

[1]The HONORABLE PAUL A. MAGNUSON, Chief Judge of the United States District Court for the District of Minnesota.

judgment: "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000). Therefore, we will spare the reader a tedious recounting of Samborski's contumacious behavior and move directly to Larson's contention on appeal -- that the district court abused its discretion because dismissing her counterclaims and entering default judgment for ELC was an excessive sanction against her for Samborski's misconduct and because less severe sanctions were available to the district court.

Larson argues that she should not be deprived of an opportunity to litigate her claims and defenses because of Samborski's misconduct. In support, she relies on our decision in Edgar v. Slaughter, 548 F.2d 770 (8th Cir. 1977), on her affidavit to the district court stating that she was not aware of the sanctions controversy until after Magistrate Judge Lebedoff issued his Report and Recommendation,[2] and on the absence of a district court finding that Larson herself was guilty of bad faith or willful disobedience of the court's orders. However, this court follows the "well-established principle that a party is responsible for the actions and conduct of his [or her] counsel and that, under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions." Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992) (quotations omitted); see Inman v. American Home Furniture Placement, Inc., 120 F.3d 117, 118 (8th Cir. 1997) ("Litigants choose counsel at their peril."); Denton v. Mr. Swiss of Mo., Inc., 564 F.2d 236, 240-41 (8th Cir. 1977) (declining to construe Slaughter as requiring a finding of client bad faith or willful misconduct). It was within the district court's discretion to impose the dismissal and

---

[2]Many of the abuses involved discovery in which Larson was required to participate personally, such as producing her business records and appearing for her deposition. Samborski persuaded ELC to cancel at least two of the scheduled deposition dates because they were allegedly inconvenient for Larson. Thus, her averral that she knew nothing about the lengthy sanctions dispute was hardly credible.

default judgment sanctions without a finding that Larson acted in bad faith or was herself guilty of willful misconduct.

Larson further argues that the district court abused its discretion in not imposing a less extreme sanction, such as a monetary sanction against Samborski or an order requiring Larson to pay court costs for the delay or to proceed to trial without discovery.[3] When the facts show willfulness and bad faith, as in this case, the district court need not investigate the propriety of a less extreme sanction. In such cases, "the selection of a proper sanction, including dismissal, is entrusted to the sound discretion of the district court." Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992). Here, after Magistrate Judge Lebedoff denied without prejudice ELC's initial motion for sanctions and entered a detailed discovery order, Samborski's discovery abuses continued unabated. The abuses went to the core of the trial preparation process -- repeatedly refusing to produce Larson for her deposition; extensive delays in producing her business records; evading a subpoena issued to Larson's husband, whom ELC believed was her business partner; and issuing subpoenas to school districts without notice to ELC after the court's discovery deadline had expired. In these circumstances, the district court did not abuse its discretion in imposing the extreme sanctions of dismissal and default judgment.

## II. ELC's Cross-Appeal.

After the district court granted ELC's motion for default judgment, it referred the question of damages on the defaulted claims to a special master, who held a hearing at which Larson, an ELC account manager, and a purchasing agent for one Minneapolis

---

[3]We find it significant that, at oral argument, counsel for Larson conceded that she never expressed to the district court a willingness to pay for what she now describes as a "lesser" sanction, the increased litigation costs incurred by ELC as a result of Samborski's misconduct.

school testified. The special master ruled that ELC suffered no damages for Larson's breach of the contract and that any damages for her tortious interference with ELC's prospective business opportunity were "speculative and not proven by a fair preponderance of the evidence." After *de novo* review of the hearing record, the district court agreed. ELC cross-appeals the order that it recover no damages on the defaulted claims.

ELC argues the district court's finding of no damages was clear error. See Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co., 978 F.2d 430, 432 (8th Cir. 1992) (standard of review). When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding. See Thomas v. Wooster, 114 U.S. 104, 111 (1885); 10A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. 1998).

First, ELC argues the district court erred by reexamining Larson's liability in finding no damages from her breach of the sales representative contract. But ELC introduced no evidence of what additional sales it would have enjoyed had Larson not breached her indefinite "best efforts" obligation. Indeed, the record reflects that Larson secured the Minneapolis School District contract, the largest in ELC's history, whereupon ELC terminated her. The allegation in ELC's complaint that Larson "usurped" ELC's contract rights by selling competing manipulatives was not supported by damage evidence establishing that the ambiguous "best efforts" provision precluded Larson from representing other suppliers of manipulatives (a highly dubious proposition). Indeed, ELC presented no evidence of what competing manipulatives Larson sold to ELC customers before the termination. In other words, regardless of the default judgment, ELC did not begin to prove actual damages for breach of contract.

Next, ELC argues the district court erred in finding no damages on its claim of tortious interference because loss is an element of the cause of action. This contention assumes that a default judgment conclusively establishes liability, as opposed to establishing the *fact* allegations in the complaint. That is a debatable proposition, see 10A WRIGHT & MILLER § 2688, at 58-63, but one we need not resolve. Even if Larson's liability for tortious interference is taken as established, ELC must still prove its actual damages to a reasonable degree of certainty. North Cent. Co. v. Phelps Aero, Inc., 139 N.W.2d 258, 263 (Minn. 1965). ELC introduced evidence that Larson sold competing manipulatives after termination but no evidence the Minneapolis School District or other ELC customers would have purchased manipulatives from ELC but for Larson's tortious interference. Indeed, ELC's damages evidence did not even attempt to describe what post-termination conduct was tortious. The district court's finding that ELC failed to prove its damages on this claim is not clearly erroneous.[4]

The judgment of the district court is affirmed. Larson's motion to supplement the record is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4]It is likely that under Minnesota law ELC was entitled to an award of nominal damages for breach of contract and tortious interference. See Geo Benz & Sons v. Hassie, 293 N.W. 133, 138 (Minn. 1940); RESTATEMENT (SECOND) OF TORTS § 774A cmt. c (1979). However, ELC has not raised this issue, and we do not consider it.