# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3606

_____

|  |  |  |
|---|---|---|
| Tandy Hairston; Truitt Glasper, doing business as Loan Store Corp., doing business as Loan Store Corp., Inc., | * * * | |
| | * | Appeal from the United States |
| Appellants, | * | District Court for the |
| | * | Eastern District of Missouri. |
| v. | * | |
| | * | |
| Alert Safety Light Products, Inc., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 18, 2002

Filed: October 10, 2002
_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Plaintiffs appeal the district court's order dismissing their suit with prejudice. We reverse and remand for further proceedings.[1]

_____

[1]In light of the basis upon which we affirm the district court, we deny plaintiffs' motion to strike Alert's appendix.

# I.

In 1993, a fire damaged the Loan Store Corp., a Florissant, Missouri, business owned and operated by plaintiffs Tandy Hairston and Truitt Glasper. On May 9, 2000, plaintiffs brought suit against Alert Safety Light Products, Inc. (Alert), the manufacturers of a power strip that plaintiffs alleged was the cause of the fire.

During the discovery phase of the litigation, Alert subpoenaed Hairston and plaintiffs' accountant Joseph Joyner, or any other representative of plaintiffs' accountant McKinley, Jones & Associates (McKinley Jones) for depositions to be taken on June 13, 2001. Neither Hairston nor Joyner appeared for the deposition. On July 18, 2001, Alert moved for an order to show cause why Hairston, Joyner, and McKinley Jones should not be held in contempt for failure to appear for their depositions. On July 31, 2001, plaintiffs filed an untimely request for an extension of time to respond to the motion. The district court denied the plaintiffs' motion on August 1, 2001, noting that it had entered the show cause orders that day. Those orders directed Hairston and Joyner, or any other agent, officer or representative of McKinley Jones, to show cause on or before August 10, 2001, why they should not be held in contempt for their failure to attend the June 13 deposition. The order issued to Hairston recited the possible sanctions, including the dismissal with prejudice of the claim, that could be imposed upon a finding of contempt. Hairston, Joyner, and McKinley Jones filed no response to the show cause orders. Hairston did finally give a deposition on August 16, 2001, the same day that the court found Hairston, Joyner, and any other representative of McKinley Jones to be in contempt for failing to appear for the June 13 depositions and for failing to respond to the show cause orders. The district court dismissed the entire case with prejudice and ordered plaintiffs to pay Alert's fees and costs for the show cause proceedings. The court subsequently denied plaintiffs' motions to set aside and reconsider the dismissal.

## II.

We review the district court's imposition of the sanction of dismissal for abuse of discretion.[2] Martin v. DaimlerChrysler Corp., 251 F.3d 691, 694 (8th Cir. 2001). The court should resort to the sanction of dismissal only "when the 'failure to comply has been due to . . . willfulness, bad faith, or any fault of petitioner.'" Edgar v. Slaughter, 548 F.2d 770, 772 (8th Cir. 1977) (quoting Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958)). The court's "discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery." Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (1992) (citing Shelton v. Am. Motors Corp., 805 F.2d 1323, 1329 (8th Cir. 1986)).

Plaintiffs contend that these facts are similar to those in Edgar v. Slaughter, and assert that the dismissal sanction was not "just." See Edgar, 548 F.2d at 772. Our examination of the record reveals that the facts of this case fall somewhere between those in Edgar and those in cases in which the district court clearly did not abuse its discretion. See Everyday Learning Corp. v. Larson, 242 F.3d 815, 817-18 (8th Cir. 2001); Avionic Co., 957 F.2d at 558; Denton v. Mr. Swiss of Mo., Inc., 564 F.2d 236, 240-41 (8th Cir. 1977). In those cases, the plaintiffs had numerous opportunities to respond to the courts' orders and repeatedly failed to do so. Here, although plaintiffs should have responded to the district court's show cause order, it appears that plaintiffs' counsel were attempting to try to work out arrangements for Hairston's deposition and for the resolution of discovery disputes. Thus, plaintiffs' conduct and lack of responsiveness did not rise to the level of that which occurred in the foregoing three cases.

---

[2]The district court did not explicitly specify under what authority it dismissed the suit. The parties have proposed three possibilities. It is clear to us from the court's order that the dismissal was entered under Rule 37 by way of a sanction for discovery violations.

In Avionic and Everyday Learning, we stated that in cases of willfulness and bad faith "the district court need not investigate the propriety of a less extreme sanction." Everyday Learning, 242 F.3d at 818; see also Avionic, 957 F.2d at 558. Nowhere in its three rulings concerning the dismissal of this action does the district court state that it found the action of plaintiffs to be willful and in bad faith.[3] Without first making this essential finding, the district court dismissed the action in its entirety with prejudice without any contemplation of a lesser sanction.

Plaintiffs' willful and bad faith conduct must also be the source of prejudice to the defendant. Denton, 564 F.2d at 241 (finding that defendants were clearly prejudiced by plaintiffs' noncompliance with discovery orders). The district court stated in the August 16 dismissal order that Hairston and McKinley Jones failure to appear to be deposed "severely jeopardized the ability of the defendant . . . to adequately defend this lawsuit and prepare for the October 9, 2001 trial date." Although Hairston did fail to appear for his June 13 deposition, he had been deposed by the time the district court issued dismissal order. Thus, any prejudice to Alert had been ameliorated.

Furthermore, we are concerned that in denying the plaintiffs' motion to set aside the dismissal order, the district court did not take the opportunity to more fully explain the basis for the dismissal, but instead addressed new "facts" that had come to light after its issuance of the order. Rule 59(e) motions permit the court after reconsideration to correct manifest errors of law or fact. See Lupo v. R. Rowland & Co., 857 F.2d 482, 485 (8th Cir. 1988) (citing White v. N.H. Dep't of Employment Sec., 455 U.S. 445, 450 (1982)). In denying the motion, the court stated that Hairston had no interest in the case because he had assigned his litigation interest to Glasper,

---

[3]Although the court's statement that the "lawsuit from its inception has been fraught with serious pleading defects, bordering on fraudulent" might be read as bearing upon the question of willfulness and bad faith, it lacks the explicitness with which a finding of willfulness and bad faith should be expressed.

that the Loan Store was a defunct corporation, and that Glasper had no interest in the case because the true nature of the action was one of subrogation. Thus, the district court declared that "[a]s this lawsuit stands now, . . . none of the named plaintiffs are the real parties-in-interest." Although this may or may not be true, we do not believe it was an appropriate ground upon which to deny the motion to set aside, for in effect it constituted a ruling on the sufficiency of the pleadings rather than a finding upon which a judgment of contempt could properly be based.

Although we recognize that the district court has wide discretion in these matters, and while we can certainly understand the district court's frustration with the manner in which this case has proceeded, we conclude that the district court went beyond the bounds of its discretion in this case. The crux of Edgar is that the district court should use the dismissal sanction sparingly. Here, however inartfully the case has been pleaded and however dilatorily prosecuted, we believe that the imposition of lesser sanctions, for example, the assessment of appropriate monetary terms (which we note counsel have offered to pay as a condition of reinstatement of the complaint), the striking of pleadings, limitations on discovery or in the admission of evidence, would constitute both an adequate vindication of the district court's orders and a deterrent to any future lack of diligence in complying with discovery requests and trial schedules.

Accordingly, the order is reversed, and the case is remanded for further proceedings not inconsistent with the views set forth in this opinion.

LOKEN, Circuit Judge, dissenting.

I respectfully dissent.

In Part II of its opinion, the court analyzes this case as though it involved a more typical discovery sanctions dispute of the following nature:

- Plaintiff fails to attend a properly noticed deposition. Defendant files a Rule 37(a) motion to compel discovery. The district court orders plaintiff to attend the deposition.

- Plaintiff fails to attend the rescheduled deposition. Defendant files a Rule 37(b) motion for sanctions for failure to comply with the court order.

- The court issues a sanction order dismissing the case with prejudice, as authorized by Rule 37(b)(2)(C). <u>See</u> <u>Boogaerts v. Bank of Bradley</u>, 961 F.2d 765, 768 (8th Cir. 1992). On that same day, the parties complete the disputed deposition.

- Plaintiff moves for reconsideration, arguing dismissal is too severe a sanction, as the discovery has been completed. The court summarily denies this motion, and plaintiff appeals.

If the record reflected the above scenario, I would join the court's opinion, agreeing that dismissal is too severe a sanction when most of the prejudice can be remedied by a money sanction and there is little or no evidence of bad faith. But here the record reflects far more serious misconduct by plaintiffs and their attorney:

- Defendant Alert first noticed plaintiff Hairston's deposition on November 22, 2000. After the deposition was rescheduled and renoticed four times, Alert served its sixth notice of deposition along with a subpoena commanding Hairston to appear for a deposition on June 13, 2001.

- When Hairston failed to obey the subpoena, Alert moved for an order to show cause why he should not be held in contempt of court. <u>See</u> Rule 45(e). The court granted the motion on August 1, ordering plaintiff Hairston to show cause by August 10 and warning that a finding of contempt "allows the imposition of sanctions, including but not limited, to . . . dismissal with prejudice of plaintiff's claim in this case."

- When Hairston failed to respond to the show cause order, the court issued its August 16 order finding him in contempt and dismissing the claims of all plaintiffs with prejudice as a contempt sanction.

- Plaintiffs moved to set aside the dismissal on two grounds, that Hairston had been dismissed from the lawsuit in March 2001 because he was not a proper party, and that Hairston's deposition had been completed on August 16, the date of the court's dismissal order. In support, plaintiffs submitted an affidavit by Aaron I. Mandel, one of their attorneys, stating that he "prepared and filed a memorandum with the Court in March 2001 dismissing Mr. Hairston's claim." *That statement was false.*

- On September 10, the court denied the motion to set aside the dismissal because (i) Hairston and the other plaintiffs failed to respond to the court's show cause order directed to Hairston, and to another show cause order directed to their accountant; (ii) plaintiffs lied to the court about the March filing of a memorandum dismissing Hairston; and (iii) plaintiffs' discovery abuses and their deception regarding the proper parties made it impossible to meet the court's October 9 trial date, which had been set in December 2000.

We deal in this case with the proper sanctions for a plaintiff who disobeys a subpoena and then ignores a show cause order, and whose attorney then lies to the court under oath in attempting to set aside a sanction imposed for contempt of the court. When Hairston ignored the show cause order, Rule 45(e) expressly authorized the court to find him in contempt for disobeying the subpoena. As Hairston was a party, at a minimum the court could impose as a civil contempt remedy the sanctions authorized in Rule 37(b)(2)(A)-(C) plus the assessment of Alert's reasonable expenses and attorneys' fees in pursuing this discovery. See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1364-65 (2d Cir. 1991). Dismissal with prejudice, though authorized by Rule 37(b)(2)(C), is of course a more punitive sanction and therefore may trigger the closer scrutiny reserved for criminal contempt remedies, including the right to immediate appeal. See Marrese v. Am. Acad. of Orthopaedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983). Thus, I do not criticize plaintiffs for

challenging the severity of this sanction by moving the district court to set aside its August 16 dismissal order.

But then in challenging the dismissal order, plaintiffs lied to the court in an attorney affidavit addressing a highly relevant fact. There can be no doubt that dismissal is an authorized sanction for a party whose attorney has undermined the integrity of the judicial process by lying to the court. See Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) ("courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice"); see generally Chambers v. NASCO, 501 U.S. 32, 44-45 (1991) (noting that contempt and dismissal are sanctions within district courts' inherent authority to enforce their orders). Thus, the district court's reasons for denying the motion to set aside its prior dismissal order fully justified the severe sanction that was thereby upheld.

When dealing with violations of Rule 37 discovery orders, we give the district courts "a large measure of discretion in deciding what sanctions are appropriate for misconduct." Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997) (quotation omitted). We should be equally deferential to a district court's determination of what sanction is appropriate to protect the integrity of the judicial process when a party or his attorney has abused the discovery process, been found in contempt of court, and then lied to the court under oath. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642-43 (1976); Chrysler Corp. v. Carey, 186 F.3d 1016, 1021-22 (8th Cir. 1999). The court faults the district court for failing to make an explicit finding that plaintiffs' misconduct was willful and in bad faith. "When the facts show willfulness and bad faith," we will uphold a Rule 37(b)(2) dismissal sanction despite the lack of an explicit finding of bad faith. Avionic Co. v. Gen. Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992); see Everyday Learning Corp. v. Larson, 242 F.3d 815, 817-18 (8th Cir. 2001). Here, when the attorney for

a party previously found in contempt lied to the court under oath, an explicit finding of bad faith would be stating the obvious.

For the foregoing reasons, I would affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.