# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3411

_____

| | | |
|---|---|---|
| Larry Gleghorn, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Col Don Melton, Arkansas State Police | * | District Court for the |
| Director, in his official and individual | * | Western District of Arkansas. |
| capacity; Thomas Mars, former | * | |
| Arkansas State Police Director; | * | [UNPUBLISHED] |
| Frank Gwen, Chairman of the Arkansas | * | |
| State Police Board; Arkansas State | * | |
| Police, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 21, 2006
Filed: August 9, 2006

_____

Before WOLLMAN, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Larry Gleghorn appeals the district court's order dismissing his 42 U.S.C. § 1983 suit with prejudice. We reverse and remand.

On May 11, 2004, Gleghorn filed a § 1983 action against the Arkansas State Police, the current and former Arkansas State Police Directors, and the Chairman of

the Arkansas State Police Board (collectively, defendants). In its final scheduling order, the district court set the discovery cutoff date at June 30, 2005, and set the trial date at October 5, 2005.

During the discovery phase of the litigation, Gleghorn and his counsel failed to comply with the Federal Rules of Civil Procedure and failed to comply with the district court's order compelling discovery. The record reflects (1) that the plaintiff did not respond to opposing counsel's interrogatories and requests for production within thirty days as required by Rule 33(b) and (2) that after the district court granted defendants' motion to compel discovery, the plaintiff provided incomplete responses and failed to produce documents and records. Defendants' counsel diligently pursued discovery, calling plaintiff's counsel several times and writing them letters explaining which documents and records she sought. Indeed, her frustration is palpable in her final letter to counsel, in which she recounted her good faith attempts to engage in discovery and informed counsel that she would file a motion to dismiss if she did not receive full and complete responses to her discovery requests by the end of the next business day. She filed that motion on June 29, 2005, one day before the discovery cutoff date.

On July 19, 2005, the district court granted defendants' motion to dismiss, finding that the plaintiff had failed to prosecute his case and had failed to comply with court orders. On that same day, Gleghorn filed his untimely response to defendants' motion, arguing that dismissal would be unjust. The district court found that the plaintiff failed to demonstrate any good cause why the case should not be dismissed and on July 28, 2005, ordered that the case be dismissed with prejudice. Gleghorn then filed a motion to alter or amend the judgment, which the court denied.

Federal Rule of Civil Procedure 37(b) authorizes the district court to impose sanctions upon parties who fail to comply with discovery orders, allowing the court "to treat such failure as contempt of court, to require the payment of reasonable

attorney fees, to stay proceedings until the order is obeyed, to require admissions, to allow designated evidence without further dispute, to strike pleadings and to enter a dismissal or judgment by default." Edgar v. Slaughter, 548 F.2d 770, 772 (8th Cir. 1977). Rule 37(b), however, also limits the court's discretion, requiring that the sanction be just and that it be specifically related to the claim at issue in the discovery order. Hairston v. Alert Safety Light Prods., Inc., 307 F.3d 717, 719 (8th Cir. 2002). We review the district court's imposition of sanctions for abuse of discretion. Id. at 718.

The sanction of dismissal is proper only when there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party. Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000). Although a district court need not impose the least onerous sanction, fairness requires it to consider whether a lesser sanction is available or appropriate before dismissing a case with prejudice. Keefer v. Provident Life and Accident Ins. Co., 238 F.3d 937, 941 (8th Cir. 2000). If the facts show both willful misconduct and bad faith, however, "the district court need not investigate the propriety of a less extreme sanction." Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001).

We agree that sanctions were warranted for the plaintiff's unjustified failure to comply with the Federal Rules of Civil Procedure and the district court's order. We cannot discern from the record, however, whether the district court considered lesser sanctions or whether it found that the plaintiff acted willfully and in bad faith. In light of this truncated record, we conclude that dismissal with prejudice constituted a sanction disproportionate to plaintiff's shortcomings in complying with the discovery order.

The district court's order is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____