# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3986

_____

Beck,                                        *
                                             *
             Appellant,                      *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    District of Minnesota.
Joan Fabian, as the Commissioner of          *
Corrections for the State of Minnesota;      *        [UNPUBLISHED]
Lynn Dingle, as the Warden of the            *
Minnesota Correctional Facility - Oak        *
Park Heights; Leie Stevenson, as             *
Program Director at the Minnesota            *
Correctional Facility - Oak Park             *
Heights; Dr. Stephen Craane, of              *
Correctional Medical Services, Inc.;         *
Kathy Reid, R.N., of Correctional            *
Medical Services, Inc.; Mark Ehlenz,         *
Lt., of the Minnesota Correctional           *
Facility - Oak Park Heights, and;            *
Denise Ehlenz, of Minnesota                  *
Correctional Industries,                     *
                                             *
             Appellees.                      *

_____

Submitted: September 21, 2007
Filed: October 12, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Beck, a Minnesota prisoner, appeals the district court's[1] Fed. R. Civ. P. 37(b)(2)(C) dismissal of his 42 U.S.C. § 1983 action for failure to comply with a discovery order. We conclude that the district court did not abuse its discretion in dismissing Beck's complaint. See Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 718 (8th Cir. 2002) (standard of review for Rule 37 dismissals); Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000) (under Rule 37, if party fails to comply with court order regarding discovery, court may dismiss action as sanction).

The uncontroverted facts show that Beck willfully refused to comply with a court order to compel discovery. See Keefer v. Provident Life & Acc. Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (sanction of dismissal appropriate only when party willfully violated court order for discovery to prejudice of adverse party); Farnsworth v. Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) (per curiam) (pro se litigants are not excused from complying with court orders). In addition, Beck's disparaging remarks about defendants' counsel and the magistrate judge tended to demonstrate willful misconduct and bad faith. See Hairston, 307 F.3d at 719 (court should use dismissal as sanction only "when the 'failure to comply has been due to willfulness, bad faith, or any fault of petitioner'"); Lorin Corp. v. Goto & Co., 700 F.2d 1202, 1207 (8th Cir. 1983) (dismissal with prejudice is extreme sanction only to be used in cases of willful disobedience or bad faith).

Accordingly, we affirm.

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Jeanne Graham, United States Magistrate Judge for the District of Minnesota.