# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 10-6007

_____

| | | |
|---|---|---|
| In re:  Scott Emmet Leiferman, | * | |
| | * | |
| Debtor | * | |
| | * | |
| Harmon Autoglass Intellectual | * | Appeal from the United States |
| Property, LLC, | * | Bankruptcy Court for the |
| | * | District of Minnesota |
| Plaintiff - Appellee | * | |
| | * | |
| v. | * | |
| | * | |
| Scott Emmet Leiferman, | * | |
| | * | |
| Defendant - Appellant | * | |

_____

Submitted:  April 13, 2010
Filed: April 30, 2010

_____

Before FEDERMAN, MAHONEY, and SALADINO, Bankruptcy Judges

FEDERMAN, Bankruptcy Judge

Scott Emmet Leiferman appeals from the Order of the Bankruptcy Court[1] striking his answer as a sanction for discovery abuses, entering default judgment

---

[1] The Honorable Nancy C. Dreher, Bankruptcy Judge, United States Bankruptcy Court for the District of Minnesota.

against him and in favor of Plaintiff Harmon AutoGlass Intellectual Property, LLC in the amount of $3,723,095.50, and finding such debt to be nondischargeable under 11 U.S.C. § 523(a)(2)(B). For the reasons that follow, we AFFIRM.

## FACTUAL BACKGROUND

In October 2003, Lieferman, as president of Lieferman Enterprises, contracted with Harmon AutoGlass Intellectual Property, LLC ("HAIP") to purchase certain assets for the operation of glass repair shops. On August 20, 2007, HAIP obtained a state court judgment against Lieferman and Lieferman Enterprises in the amount of $3,723,095.50, relating to that contract. On October 3, 2008, Leiferman filed a Chapter 7 bankruptcy petition, seeking to discharge debts, including the judgment debt to HAIP. On January 6, 2009, HAIP filed a six-count adversary complaint against Lieferman, alleging, *inter alia*, that its judgment debt be declared nondischargeable under 11 U.S.C. § 523(a)(2)(B). In essence, as relevant here, HAIP asserted that Leiferman falsely represented on a financial statement given in connection with the asset purchase that he had $1 million in cash at the time the statement was given. Over the course of the following year, HAIP tried repeatedly to obtain discovery from Leiferman, but Leiferman refused to cooperate, being especially non-responsive to questions about his assets at the time he gave HAIP the financial statement. On December 29, 2009, the Bankruptcy Court entered an Order striking Lieferman's answer as a sanction for the discovery abuses. The Court subsequently entered Judgment in favor of HAIP, finding the debt to be nondischargeable under § 523(a)(2)(B). Lieferman appeals.

2

## STANDARD OF REVIEW

We review the Bankruptcy Court's legal conclusions *de novo* and its findings of fact for clear error.[2] We review the Bankruptcy Court's judgment entered as a consequence of Lieferman's failure to comply with a court order for abuse of discretion.[3]

## SANCTIONS PURSUANT TO RULE 37

Pursuant to Federal Rule of Civil Procedure 37, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7037, a party who fails to obey an order to provide or permit discovery may be subject to a default judgment against him.[4] Specifically, Rule 37(b)(2)(A) provides in pertinent part:

**(2) Sanctions in the District Where the Action is Pending**.

(A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent–or a witness designated under Rule 30(b)(6) or 31(a)(4)–fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[2] *In re O'Brien*, 351 F.3d 832, 836 (8th Cir. 2003).

[3] *Id.; Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 718 (8th Cir. 2002).

[4] Fed. R. Civ. P. 37(b)(2)(A)(vi).

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) *rendering a default judgment against the disobedient party*; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[5]

The Bankruptcy Court correctly stated the standard for issuing sanctions for discovery abuses under this Rule:

A court should resort to the sanction of dismissal only "when the 'failure to comply has been due to . . . willfulness, bad faith, or any fault of petitioner.'" *Edgar v. Slaughter*, 548 F.2d 770, 772 (8th Cir. 1977) (*quoting Societe Internationale v. Rogers*, 357 U.S. 197 (1958)). Generally, in order to enter a default judgment against a recalcitrant party under Rule 37, the court must find that "'there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party.'" *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817 (8th Cir. 2001) (*quoting Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000)); *see also In re O'Brien*, 351 F.3d 832, 836 (8th Cir. 2003) ("a court may find willful disobedience sufficient to support dismissal when a party employs stall tactics and disregards court orders."). The court's "discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery." *Hairston v. Alert Safety Light Prod., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (*quoting Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)).[6]

---

[5] Fed. R. Civ. P. 37(b)(2) (emphasis added).

[6] Harmon Autoglass Intellectual Property, LLC v. Leiferman (In re Leiferman), Ch. 7 Case No. 08-45108, Adv. No. 09-4003, *Order Granting Motion for Default Judgment Pursuant to Rule 7037* (Doc. #38) at 7-8 (Bankr. D. Minn. Dec. 29, 2009).

On appeal, Leiferman points out that he was representing himself *pro se* in the adversary proceeding, and asserts that he essentially did everything within his power to comply with all discovery requests and court orders. To the contrary, however, the Bankruptcy Court set out in detail numerous examples of Leiferman's lack of cooperation in discovery over the nearly one-year period while the case was pending. The Court expressly and repeatedly advised Leiferman that his lack of cooperation could lead to sanctions, including striking his pleadings and rendering a default judgment against him.[7] Nevertheless, despite the Court's numerous extensions of time, postponements of trial, and express warnings, Leiferman never meaningfully complied with the discovery requests and court orders. The Court acknowledged that Leiferman was representing himself *pro se*, but correctly pointed out that *pro se* parties are required to follow the rules.[8]

The record amply supports the Bankruptcy Court's findings (i) that it entered orders compelling discovery; (ii) that Leiferman willfully violated those orders, and (iii) that HAIP was prejudiced as a result. The record also supports the Court's findings that Leiferman's conduct in avoiding discovery was in bad faith and,

---

[7] *See, e.g., Scheduling Order and Order of Trial* dated March 31, 2009 (Doc. #9) ("Failure to comply with this order may result in the imposition of sanctions . . . including, but not limited to, . . . rendering default judgment against the disobedient party . . . ."); *Amended Scheduling Order and Order for Trial* dated July 1, 2009 (Doc. #15) (same); *Transcript of July 1, 2009 Hearing* at 8-10; *Transcript of October 8, 2009 Hearing*, at 8-9, 16-17; *Order* dated October 9, 2009 (Doc. #23) (expressly ordering Leiferman to, *inter alia*, deliver to counsel for HAIP a list of assets in his possession on the date of the financing statement and warning that "failure to comply with this order shall result in entry of judgment in favor of [HAIP] pursuant to [Rule] 37(b)(2)(A)(vi) . . . .").

[8] *Order Granting Motion for Default Judgment Pursuant to Rule 7037* at 10 (*citing Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (holding that, although a *pro se* litigant's pleadings are to be construed liberally, *pro se* parties are required to follow the same rules of procedure that govern other litigants); *Prestige Equip. Corp. v. Case Mach. Co., LLC*, 2009 WL 2232859 at *1 (N.D. Ohio July 22, 2009) ("proceeding *pro se* does not relieve [a party] of his obligation to follow the Federal Rules of Civil Procedure or his other obligations with respect to this lawsuit"); *Soto v. Erickson*, 2007 WL 2209257 at *1 (E.D. Wis. July 27, 2007) ("Even pro se litigants must follow the Federal Rules of Civil Procedure. . . .")).

therefore, that the sanction awarded was "just" and appropriate under the circumstances.[9] As a result, the Bankruptcy Court did not abuse its discretion in striking Leiferman's answer and entering default judgment against him. The judgment is, therefore, AFFIRMED.

--------

[9] *See Hairston v. Alert Safety Light Prods.*, 307 F.3d at 719; *Edgar v. Slaughter*, 548 F.2d 770, 772 (8th Cir. 1977) ("the harsh remedies of dismissal and default should only be used when the 'failure to comply has been due to . . . willfulness, bad faith, or any fault of petitioner.'").