Luis MARIN, Plaintiff

v.

AIDA, INC. d/b/a Celi's True Mexican Cuisine and Jose Oseguera, Defendants.

Case No. 5:13–CV–05255.

United States District Court, W.D. Arkansas, Fayetteville Division.

Signed April 16, 2014.

Annie Smith, Trevor B. Townsend, Bethany N. Whitfield, University of Arkansas School of Law, Fayetteville, AR, for Plaintiff.

### ORDER

P.K. HOLMES, III, Chief Judge.

Plaintiff Luis Marin brought this action alleging that Defendant AIDA, Inc. d/b/a

Celi's True Mexican Cuisine ("Celi's") and Defendant Jose Oseguera violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. §§ 11–4–201 *et seq.*, and Arkansas common law by failing to pay him wages and tips owed for work performed during his employment. Defendants failed to answer or otherwise respond to the complaint despite being appropriately served *(see* affidavits of service, Docs. 9 and 10), and have failed to appear at all in this matter. Accordingly, the Clerk of Court entered default (Doc. 16) against them on December 18, 2013. Currently before the Court are Plaintiff's uncontroverted motion for default judgment (Doc. 17), supporting affidavit (Doc. 17–1), and memorandum in support (Doc. 18).

■ An entry of default by the clerk does not automatically entitle the plaintiff to a default judgment. Instead, it is within the Court's discretion to determine whether a default judgment should be entered. Fed.R.Civ.P. 55(b)(1). As a consequence of default, Defendants are deemed to have admitted the factual allegations in the complaint. *See* Fed.R.Civ.P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *Murray v. Lene,* 595 F.3d 868, 871 (8th Cir.2010) ("Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true."). While the factual allegations are taken as true, Plaintiff must prove the allegations regarding the amount of damages to a reasonable degree of certainty. *See Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818–19 (8th Cir.2001) (noting that even where a default judgment is entered and liability is established, a plaintiff must still prove his or her *actual* damages to a reasonable degree of certainty.).

Under the FLSA, when an employee is engaged in commerce or is employed in an enterprise engaged in commerce, the employee must be paid a minimum hourly wage of $7.25 and at least one and a half times his or her regular hourly rate for all hours worked over 40 per week. 29 U.S.C. §§ 206(a)(1)(C), 207(a)(1). In the complaint, Plaintiff alleges that both Defendants were his "employers" within the meaning of the FLSA. He also alleges that Defendant Oseguera—as the owner, officer, director, and registered agent· of Celi's—participated in the restaurant's day-to-day operations, managed the restaurant, and made all business decisions, including hiring and firing employees and distributing employees' pay. Plaintiff specifically alleges that Oseguera hired him, determined his hourly wage, set his work schedule, determined his work duties, and signed and issued his paychecks. Furthermore, Plaintiff alleges that he was employed by Defendants from August 20, 2011 until February 17, 2013; that he was engaged in commerce by regularly performing credit card transactions; and that he was not paid a minimum wage for work performed for Defendants during the weeks of November 12, 2012; November 19, 2012; and February 11, 2013. He also alleges that he was not paid the appropriate overtime rate of pay for hours worked in excess of 40 per week.

Because Defendants are in default, they have admitted the above allegations. The Court finds that Defendants are "employers" under the FLSA, and that Plaintiff was employed jointly by both Defendants. Accordingly, Defendants are jointly and severally liable for any unpaid minimum wages and overtime compensation due to Plaintiff. *See* 29 C.F.R. § 791.2(a) (providing that when an individual is employed by

two or more employers within the scope of a single employment, "all joint employers are responsible, both individually and jointly, for compliance with [the FLSA] ...."); *Solis v. Hill Country Farms, Inc.,* 808 F.Supp.2d 1105, 1115 (S.D.Iowa 2011) *aff'd,* 469 Fed.Appx. 498 (8th Cir.2012) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."). The Court further finds that Plaintiff has established liability under the FLSA. Defendants are therefore jointly and severally liable for the unpaid minimum wages and overtime compensation owed to Plaintiff.

Plaintiff acknowledges that his claims under the FLSA, the AMWA, and the Arkansas common law of unjust enrichment are alternative theories of liability. (Doc. 18, n. 2 p. 13). Furthermore, he only seeks damages under the FLSA. *Id.* As the Court has determined that Plaintiff is entitled to recover under the FLSA, it is not necessary to address Plaintiff's alternative theories of liability for recovering unpaid minimum wages and overtime.

■ The only remaining claim for the Court to assess is Plaintiff's claim for conversion based on Defendants' retention of tips earned by Plaintiff. Plaintiff alleges that customers regularly left cash and credit card tips, Plaintiff and his co-workers were required to put all cash tips into a container next to the cash register, and Defendants never distributed any tips to Plaintiff. He further alleges that he has an ownership right to the tips customers left for his service, that Defendants unlawfully retained all tips earned during the entire scope of his employment, and that by doing so, Defendants intentionally and wrongfully exerted their dominion over Plaintiff's property. The Court finds that

Plaintiff has pleaded facts, taken as true, showing that he was entitled to retention of his tips and that Defendants wrongfully withheld them. Therefore, Defendants are liable for conversion of Plaintiff's tips under Arkansas common law. *See McQuillan v. Mercedes–Benz Credit Corp.,* 331 Ark. 242, 247, 961 S.W.2d 729 (1998) ("To establish liability for the tort of conversion, a plaintiff must prove that the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of or is inconsistent with the owners' rights.") (citations omitted).

■ The Court now turns to the issue of damages. Plaintiff requests damages in the form of unpaid wages, unlawfully retained tips, and liquidated damages. In support of his request, Plaintiff has submitted a memorandum of law, an uncontroverted declaration, copies of time cards, and various other documentary proof. The Court finds Plaintiff has provided sufficient documentation to prove the amount of damages to a reasonable degree of certainty. Plaintiff has submitted an affidavit and other documents showing that he worked a total of 108.85 regular hours during the weeks of November 12, 2012; November 19, 2012; and February 11, 2013. He has also shown that he worked a total of 16 hours of overtime. Accordingly, the Court finds that Plaintiff is entitled to recover $789.16 in unpaid minimum wages and $58.08 in unpaid overtime compensation. Plaintiff is also entitled to recover $847.24 as liquidated damages, as the FLSA provides that employers who violate the minimum wage and overtime provisions are liable for the amount of unpaid minimum wages, unpaid overtime compensation, and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Furthermore, given Plaintiff's detailed calculation in his affidavit and other documents filed in support of his motion, the

Court finds Plaintiff is entitled to $1,811.20 in actual damages for Defendants' conversion of tips. This award is based on Plaintiff's estimation of the amount of tips owed during his 79 weeks of employment. The basis for his calculation is thoroughly described in the documents filed in support of his request, and the Court finds the amount requested to be not only reasonable, but conservative. Accordingly, the total amount of damages owed to Plaintiff is $3,505.68

Lastly, Plaintiff requests $25.00 in costs for service of process. The Court finds that Plaintiff is entitled to recover this amount. In total, Defendants are liable to Plaintiff in the amount of $3,530.68.

IT IS THEREFORE ORDERED that Plaintiff Luis Marin's motion for default judgment (Doc. 17) is GRANTED, judgment is entered in favor of Plaintiff, and this case is DISMISSED.

IT IS FURTHER ORDERED that Defendants are to pay Plaintiff $3,505.68 in damages and $25.00 in costs, for a total of $3,530.68. This judgment amount shall bear interest at the prevailing legal rate of 0.10% per annum from the date of entry of this order until paid. *See* 28 U.S.C. § 1961.

A separate order of judgment will issue contemporaneously with this order.